```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
```

RL 900 PARK LLC, a Florida limited
liability company,

           Plaintiff,

    - against -                          **MEMORANDUM and ORDER**

SIMONE ENDER, INDIVIDUALLY AND AS        18-CV-12121 (AT)(KNF)
THE EXECUTRIX OF THE ESTATE OF
PAUL ANTHONY ENDER; MONIQUE ENDER
SILBERMAN; BRIGETTE LAING; DANUTA
MARYIAK, AS GUARDIAN FOR EMELYE ENDER;
JACK MANN; JOAN MANN; UNKNOWN TENANT
IN POSSESSION #1; and UNKNOWN TENANT
IN POSSESSION #2,

           Defendants.

```
------------------------------------------------------------X
```
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

### INTRODUCTION

This is an action for breach of a promissory note to foreclose a security interest and to foreclose on a mortgage encumbering real property, a condominium located at 900 Park Avenue, New York, New York. Before the Court is a motion by plaintiff RL 900 Park LLC for an order, directing defendant Simon Ender ("Ender") to reimburse the plaintiff for the attorneys' fees and costs it incurred in connection with its counsel's preparation for, and travel to the settlement conference convened by the Court on May 14, 2019. The plaintiff seeks the order pursuant to Rule 16(f) of the Federal Rules of Civil Procedure and the Court's March 25, 2019 order scheduling a settlement conference. In support of the motion, the plaintiff submitted an affirmation by its counsel, Roger Slade ("Slade"), and a memorandum of law. Ender has not responded to the motion.

## BACKGROUND

By an order dated March 25, 2019, Docket Entry No. 75, the parties were directed to attend a settlement conference with the Court on May 14, 2019. The procedures under which the Court conducts settlement conferences were provided to the parties with their respective copies of the March 25, 2019 order. The procedures note that the Court convenes only one settlement conference for a particular case. Therefore, as the procedures advise, the "parties – not just their counsel – must attend the settlement conference." In that connection, perforce of those same procedures, parties are required to complete and submit to the Court "no later than three (3) business days before the settlement conference" an attendance acknowledgment form. The Court's settlement procedures make clear that "if a party fails to come to the settlement conference with all the required persons, that party may be required to reimburse all other parties for their time and travel expenses."

Ender's counsel submitted the attendance acknowledgment form tardy, in the afternoon of the day before the settlement conference was scheduled to be held. That form indicated that counsel would be accompanied at the settlement conference by Ender's daughter, defendant Monique Ender Silberman ("Silberman"), who, according to the attendance acknowledgment form, would appear "on behalf of herself and her elderly mother." Ender is named in this action individually and in a fiduciary capacity, as the executrix of the estate of Paul Anthony Ender ("Estate"). It is unclear how, if at all, Silberman could appear for Ender in her fiduciary capacity as the Estate's executrix.

Slade is a partner in the law firm Haber Law, P.A., which is located in Florida. He traveled to New York from Miami, Florida, to attend the settlement conference. At the

-2-

commencement of the settlement conference, the Court was informed that Ender was ill and could not attend the conference. The nature of Ender's illness was neither identified nor explained. Ender never made a motion to absent herself from the settlement conference, due to her illness, or to adjourn the settlement conference to a date on which she would be able to participate in the conference. The settlement conference proceeded with Silberman and the plaintiff. No settlement was achieved. The plaintiff maintains that, "[d]ue to the absence of [Ender], the settlement conference was unable to proceed as successfully as it would have had all the required parties been present."

According to the plaintiff, the following Haber Law, P.A. personnel rendered legal services to it in connection with the May 14, 2019 settlement conference, and billed their time as indicated:

| | |
|---|---|
| David Haber, Esq.: | 1.2 hours, at $475 per hour; |
| Roger Slade, Esq.: | 15.2 hours, at $450 per hour; |
| David Podein, Esq.: | 1.6 hours, at $425 per hour; |
| Brett Silverberg, Esq.: | 3.9 hours, at $325 per hour; |
| Garrett Monteagudo, Esq.: | 3.6 hours, at $325 per hour; |
| Chanel Pla, Paralegal: | 3.0 hours, at $175 per hour; and |
| Deesha Smart, Law Clerk: | 3.3 hours, at $175 per hour. |

The plaintiff contends that the fees it incurred for the legal services rendered by Haber Law, P.A. total $11,710.[1] The plaintiff contends in its memorandum of law that its counsel provided the following relevant legal services to it: "preparation of pre-conference correspondence to Judge Fox pursuant to Settlement Conference Court Order [DE #75]; review of promissory note and other loan documents in order to calculate default interest; calculations of

---

[1] The Court has determined that the plaintiff committed an arithmetic error in calculating the fees it contends it incurred. The products of the hourly rates and hours expended noted above, when combined, is $11,630 not $11,710.

-3-

loan payoff; communications with opposing counsel regarding their request for adjournment; draft of correspondence in response to opposing counsel's request for adjournment; preparation of materials to be used at Settlement Conference; preparation for and attendance at Settlement Conference; draft of motion for Attorneys' Fees and Costs; draft of Plaintiff's Notice of [Motion], draft of Plaintiff's Memorandum of Law in Support of Plaintiff's Renewed Motion for Attorneys' Fees and Costs; and draft of the Affidavit of Roger Slade, Esq. in Support of Plaintiff's Renewed Motion for Attorneys' Fees and Costs." The plaintiff maintains that it incurred the following costs in connection with the May 14, 2019 settlement conference: airfare, $508.60; taxi fares, $84.01; and lodging, $436: totaling $1,028.61.

According to the plaintiff, owing to Ender's failure to: 1) obey the Court's March 25, 2019 pretrial order; 2) submit the settlement conference attendance acknowledgment form timely; 3) notify the plaintiff, prior to the conference, that she would be absent due to illness; and 4) file a motion to excuse her attendance from the settlement conference, the plaintiff is "[e]ntitled" to recover the attorneys' fees and costs it incurred in attending the May 14, 2019 settlement conference, as Ender's conduct was without substantial justification.

## DISCUSSION

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(B)(2)(A)(ii) - (vii), if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate – or does not participate in good faith – in the conference; or (C) fails to obey scheduling or other pretrial order.

Fed. R. Civ. P. 16(f).

The provisions of Fed. R. Civ. P. 37 referenced immediately above describe sanctions that may be imposed by a court on litigation participants who disobey a discovery-related order.

-4-

> If a party or a party's officer, director, or managing agent – or a witness designated under Rule 30(b)(6) or 31(a)(4) – fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . . (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) rendering a default judgment against the disobedient party; or (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(B)(2)(A)(i) - (vii).

In addition to the sanctions authority provided to the Court by the Federal Rules of Civil Procedure, courts have an independent source of power to impose sanctions. A court's "authority to impose sanctions is grounded, first and foremost, in [its] inherent power to control the proceedings that take place before [the court]." Ransmeir v. Mariani, 718 F.3d 64, 68 (2d Cir. 2013). A court's inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 1389 (1962). Owing to the very potency of a court's inherent powers, they must be exercised "with restraint and discretion." Chambers v. NASCO, Inc., 501 U.S. 32, 44, 111 S. Ct. 2123, 2132 (1991).

When a party makes an application for attorney's fees, it is incumbent upon the fee applicant to provide the Court with evidence detailing, inter alia, the nature of the work performed and the time expended on it. This enables the Court to assess the reasonableness of the fee application. The Second Circuit Court of Appeals has explained that, "[a]pplications for attorney's fees . . . should normally be disallowed unless accompanied by contemporaneous time

records indicating, for each attorney, the date, the hours expended, and the nature of the work done." New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983).

The motion record makes clear that Ender disobeyed the Court's March 25, 2019 settlement conference order. Ender failed concomitantly to comply with the Court's settlement conference procedures: she did not attend the settlement conference with her counsel, as all parties must. According to the plaintiff, Ender never advised it, prior to Slade traveling to New York from Florida for the settlement conference, that she would not be in attendance. Ender neither sought nor obtained permission from the Court to absent herself from the settlement conference. Ender's failure to attend the settlement conference made it impossible for the plaintiff to have any opportunity to discuss and reach a negotiated disposition with her or the Estate – with the Court's assistance – because she knew, from the Court's settlement procedures, that only one Court-convened settlement conference would be held for the parties.

By failing to obey the March 25, 2019 settlement conference order, Ender exposed herself to sanctions under Fed. R. Civ. P. 16(f) and the Court's inherent authority "to control the proceedings that take place before" it. Ransmeir, 718 F.3d at 68. The plaintiff urges that the appropriate sanction to impose is the award of all the attorneys' fees and costs the plaintiff incurred that are associated with its counsel's preparation for and travel to the settlement conference. However, the plaintiff's request ignores the fact that the May 14, 2019 settlement conference proceeded, in Ender's absence, with Silberman; thus, counsel's preparation for and travel to the settlement conference was not for naught, as a discussion respecting the prospect of achieving a negotiated disposition with Silberman, although unsuccessful, went forward. This

fact militates against awarding the plaintiff the attorneys' fees and costs it seeks through the instant motion.

The motion record establishes that Haber Law, P.A. assigned five attorneys, including Slade, one paralegal and one law clerk to prepare for the law firm's participation in the settlement conference. The law firm's personnel expended 31.8 hours preparing for the settlement conference at a cost to the plaintiff of $11,630. The plaintiff did not submit contemporaneous time records for its counsel showing for each attorney, the date, the hours expended and the nature of the work done in preparation for the settlement conference. See New York State Ass'n for Retarded Children, Inc., 711 F.2d at 1154. Therefore, it is not possible for the Court to discern what amount of the settlement conference preparation time was devoted to preparing to negotiate with Ender and what amount was devoted to preparing to negotiate with Silberman, or what task(s) each person affiliated with Haber Law P.A. performed in the settlement conference preparation endeavor. Although the plaintiff's memorandum of law submitted in support of the motion describes in general terms the settlement conference preparation work performed by law firm personnel, a memorandum of law is not evidence. See Giannullo v. City of New York, 322 F.3d 139, 142 (2d Cir. 2003). In addition, it is unclear, from the motion record, why such a large amount of law firm personnel resources had to be dedicated to preparing Slade to participate in a settlement conference for a simple action such as this involving, inter alia, a foreclosure on a single condominium unit.

The failure of the motion record to provide the information discussed above prevents the Court from assessing the reasonableness of the attorneys' fees requested by the plaintiff through this motion. As noted above, attorney's fees applications, such as the one here, lacking counsel's

contemporaneous time records should normally be disallowed. This guidance from the Second Circuit Court of Appeals militates against granting the instant motion.

Nothing in the motion record establishes that the costs incurred by the plaintiff for airfare, ground transportation and lodging for Slade to participate in the settlement conference ought to be awarded to the plaintiff. The settlement conference was held and Slade and Silberman participated in it. The costs the plaintiff seeks through this motion had to be incurred for Slade to participate in the settlement conference with Silberman regardless of Ender's failure to attend the conference. This is so because Slade's law office is in Florida and he had to travel to New York to attend the settlement conference. Therefore, granting this branch of the plaintiff's motion is not warranted.

## CONCLUSION

For the reasons set forth above, the motion record does not support granting the plaintiff's request for attorneys' fees and costs. Therefore, in the exercise of the Court's: (1) discretion under Fed. R. Civ. P. 16(f); and (2) inherent power, the motion, appearing at Docket Entry No. 120, is denied. The plaintiff shall serve the defendants with a copy of this Memorandum and Order and file proof of service with the Clerk of Court.

Dated: New York, New York
November 27, 2019

SO ORDERED:

_/s/ Kevin Nathaniel Fox_
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE