USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _1/3/2020_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RL 900 PARK LLC, a Florida limited liability company,

        Plaintiff,

-against-

SIMONE ENDER, INDIVIDUALLY AND AS THE EXECURTIX OF THE ESTATE OF PAUL ANTHONY ENDER; MONIQUE ENDER SILBERMAN; BRIGETTE LAING; DANUTA MARYNIAK, AS GUARDIAN FOR EMELYE ENDER; JACK MANN; JOAN MANN; UNKNOWN TENANT IN POSSESSION #1; and UNKNOWN TENANT IN POSSESSION #2,

Defendants.

18 Civ. 12121 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

Two Defendants in this case, Simone Ender and Monique Ender Silberman, move for an order vacating the Clerk's certificate of default. ECF No. 79. For the reasons stated below, that motion is DENIED.

## BACKGROUND

Plaintiff, RL 900 Park LLC, alleges breach of a promissory note secured by a mortgage and a security interest in personal property, and seeks damages for the breach as well as foreclosure on the mortgage and security interest. Compl. ¶¶ 33–52, ECF No. 12.[1] Plaintiff alleges the following underlying facts, which the Court accepts as true for the purposes of this

---

[1] On December 31, 2019, Plaintiff filed an amended complaint. ECF No. 148. Because Defendants' motion was aimed at vacating the certificate of default entered against them for failing to answer or otherwise respond timely to the original complaint, these facts are drawn from the original complaint. *See McLaughlin v. Barron*, No. 13 Civ. 807, 2018 WL 1872535, at *2 n.3 (S.D.N.Y. Jan. 24, 2018) (treating first amended complaint as operative pleading for purposes of damages inquest, even after filing of second amended complaint, when default judgment had been entered on the first amended complaint), *report and recommendation adopted*, 2018 WL 993627 (S.D.N.Y. Feb. 20, 2018).

motion. On February 21, 2018, Defendant Simone Ender executed a 1.5 million dollar promissory note in favor of a Florida lender. Compl. ¶ 11–12. The note was secured by a mortgage on a condominium unit at 900 Park Avenue in Manhattan (the "Apartment") and certain property associated with the Apartment, and by a security interest in personal property owned by Ender. Compl. ¶¶ 12–17. The note and mortgage were later assigned to Plaintiff. Compl. ¶ 18–19. Defendants Monique Ender Silberman and Brigitte Laing, Ender's daughters, and Danuta Maryniak, who is the guardian of a child related to Ender's deceased husband, have claimed or may in the future claim some interest in the Apartment. Compl. ¶¶ 6–8. Defendants Jack and Joan Mann, and potentially others, are tenants in possession of the Apartment. Compl. ¶¶ 9–10. Plaintiff has settled its claim against the Manns, ECF No. 95, and with Maryniak, ECF No. 78; the claims remaining from the original complaint are against Ender, Silberman, and Laing. A certificate of default was entered against Laing on March 11, 2019, ECF No. 71; she has not entered an appearance since then, and did not join in the instant motion to vacate the certificate of default.

Ender was personally served with the initial complaint in this case on December 27, 2018, ECF No. 30, and Silberman was personally served on December 31, 2017, ECF No. 33. Neither Defendant answered or otherwise responded within 21 days, as required by Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure. Accordingly, on January 25, 2019, Plaintiff sought the entry of a certificate of default against Ender, ECF No. 41, and on February 5, 2019, sought the entry of a certificate of default against Silberman, ECF No. 46. The Clerk of Court entered certificates of default against both Defendants. ECF Nos. 42, 47. On March 22, 2019, counsel for Ender and Silberman appeared in this action, ECF No. 72, and sought leave to move

to vacate the certificates of default. ECF No. 73. On April 16, 2019, pursuant to this Court's order, Defendants moved to vacate the default. ECF No. 79.

On August 1, 2019, counsel for Defendants moved to withdraw. ECF No. 106. On September 23, 2019, the Honorable Kevin Nathaniel Fox granted that motion, and ordered Ender and Silberman to inform the Court by October 10, 2019, as to whether they had retained new counsel or intended to proceed *pro se*. ECF No. 126. Neither Defendant complied. On October 21, 2019, this Court again directed Defendants Simone Ender and Monique Ender Silberman to advise the Court by November 8, 2019, whether they had retained new counsel or intended to proceed *pro se*. ECF No. 131. On October 28, 2019, the Court extended the deadline to November 15, 2019. ECF No. 133. Plaintiff personally served Ender with the Court's first order on October 28, 2019, ECF No. 134, and its second order on November 4, 2019, ECF No. 135, and personally served Silberman with both orders on October 25, 2019. ECF No. 136. Neither Ender nor Silberman has informed the Court that she has retained counsel or otherwise communicated with the Court since Judge Fox granted the motion to withdraw more than two months ago.

## ANALYSIS

"Under Rule 55(a) of the Federal Rules of Civil Procedure, 'when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . ., the clerk must enter the party's default.' The entry of default is therefore not discretionary." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (alteration omitted) (quoting Fed. R. Civ. P. 55(a)). Once default is entered, Rule 55(c) provides that "[t]he court may set aside an entry of default for good

3

cause." The standard for good cause "requires a court to weigh (1) the willfulness of default, (2) the existence of any meritorious defenses, and (3) prejudice to the non-defaulting party." *Guggenheim Capital, LLC v. Birnbaum*, 722 F.3d 444, 455 (2d Cir. 2013).

   I.   Willfulness

The course of this litigation demonstrates that Defendants' default was willful. The Second Circuit has "interpreted 'willfulness,' in the context of a default, to refer to conduct that is more than merely negligent or careless, but is instead egregious and not satisfactorily explained." *Bricklayers*, 779 F.3d at 186 (internal citation marks and citation omitted). Default is willful where defendants demonstrate "a clear pattern of willful and deliberate disregard for the litigation." *Id.* at 187. This standard is satisfied where a defendant "received the complaint, the court's orders, or the notice of default judgment," but does not respond, and does not show "that his non-compliance was due to circumstances beyond his control." *Guggenheim Capital*, 722 F.3d at 455.

Defendants here have repeatedly demonstrated deliberate disregard for this litigation, both before and after the initial entry of default. Defendants acknowledge that Ender was served with the complaint on December 27, 2018, and Silberman was served on December 31, 2017. Def. Mem. at 3, ECF No. 71-12. Defendants' counsel at the time the motion to vacate was filed—Adam Frank, of the law firm Brody, O'Connor & O'Connor—attested that he "was originally contacted by Defendants Simone Ender and Monique Ender Silberman regarding the instant action in or around early December 2018, prior to the filing of the Summons and Complaint by the Plaintiff," but ultimately was not retained. ECF No. 79-1 ¶ 4. In an affidavit, Silberman also attests that she "first became aware of the prospect of the instant action in or

4

around early December 2018, and that "[a]t such time, she had preliminary conversations" with Brody, O'Connor & O'Connor, but did not retain them. Silberman Decl. ¶ 2, ECF No. 79-11. Silberman asserts that she and Ender retained a different law firm, which "assured" them that "it would appear in the instant action and respond to the Plaintiff's Summons and Complaint." *Id.* ¶ 3. She further asserts that she did not find out until February 2019 that the other firm had not appeared, and in March 2019 she and Ender sought to retain new counsel and moved to vacate the default. *Id.* ¶¶ 5–6.

Plaintiff questions the veracity of Silberman's account, noting that Defendants have not identified the prior law firm or provided evidence that they retained such a firm. Pl. Mem. at 7, ECF No. 80. Even Defendants' version of events, however, supports a finding that they willfully defaulted. By their own account, Defendants had retained counsel in this matter by early January 2019, and their counsel had informed them that he or she would timely answer the complaint. Nonetheless, that counsel did not respond to the complaint, and Defendants have presented no evidence that the lack of response was due to "circumstances beyond his [or her] control." *Guggenheim Capital*, 722 F.3d at 455.

Moreover, "[n]ormally, the conduct of an attorney is imputed to his client," and "in the context of a default judgment" the Second Circuit has "rather consistently refused to relieve a client of the burdens of a final judgment entered against him due to the mistake or omission of his attorney." *S.E.C. v. McNulty*, 137 F.3d 732, 739 (2d Cir. 1998) (internal quotation marks and citations omitted). "In sum, where the attorney's conduct has been found to be willful, the willfulness will be imputed to the party himself where he makes no showing that he has made any attempt to monitor counsel's handling of the lawsuit." *Id*. at 740. Defendants here have not

5

shown that they attempted to monitor their counsel's handling of the lawsuit. Despite Defendants' being aware, by virtue of being personally served with the summons and complaint, that an answer was due in late January, there is no evidence that they checked in with their attorney around that time, or otherwise kept abreast of the litigation. Indeed, even in February 2019, when Defendants claim that they first discovered their counsel had not entered an appearance or filed an answer, they waited another month before retaining new counsel. Accordingly, the willfulness of Defendants' counsel should be imputed to Defendants, and their "argument that they should not suffer the consequences of their attorney's failure to answer the complaint . . . lacks merit." *United States v. Goldstein*, 216 F. App'x 62, 64 (2d Cir. 2007); *see Belizaire v. RAV Investigative & Sec. Servs., Ltd.*, 310 F.R.D. 100, 105 (S.D.N.Y. 2015) (imputing willfulness to defendant that "fail[ed] to offer evidence of its own diligence in monitoring this case, aside from delivering the initial [c]omplaint to its counsel"); *Hernandez v. Fuller*, No. 06 Civ. 1405, 2007 WL 3274693, at *2 (S.D.N.Y. Oct. 29, 2007) ("In view of the fact that [defendants] admit receipt of the summons and complaint, and thus knew that a response was due within 20 days, yet do not claim to have done anything to ensure that the [their attorney] was following up on the matter on their behalf, they have failed to show even minimal due diligence.").

If Defendants' appearance through counsel in March 2019 had marked the end of their disregard for this litigation, the Court might hesitate to find that their default was willful, given "the strong preference for resolving disputes on the merits." *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 62 (2d Cir. 1996). But Defendants' conduct following the withdrawal of counsel unequivocally demonstrates "a clear pattern of willful and deliberate disregard for the litigation,"

6

*Bricklayers*, 779 F.3d at 186, and compels a finding of willfulness. Since their counsel withdrew, Defendants have repeatedly been ordered to inform the Court if they were retaining new counsel or intended to proceed *pro se*. *See* ECF Nos. 126, 131, 133. Over the course of three months, despite numerous opportunities, they have not responded. This disregard for the Court's orders occurred even though the Court expressly warned Defendants that failure to comply "may be independent grounds for deeming them to be in default." ECF No. 131; *see* ECF No. 133 ("Defendants are again reminded that failure to comply with this order may be grounds to hold them in default."). The Court, therefore, concludes that Defendants' default is plainly willful. *See Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1310 (2d Cir. 1991) ("Having determined that the district court properly ordered Eagle to appear through counsel, it was appropriate to enter a default judgment when Eagle willfully disregarded the district court's order."); *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123–24 (E.D.N.Y. 2011) (failure to seek substitute counsel in defiance of court order "shows a willful and deliberate disregard for this Court's orders, which militates in favor of a default judgment"); *SEC v. Alexander*, No. 00 Civ. 7290, 2004 WL 1468528, at *8 (S.D.N.Y. June 28, 2004) (finding default to be willful where individual defendants ignored order to inform court if they would retain new counsel or proceed *pro se*).

II. <u>Meritorious Defense</u>

Defendants also do not present a meritorious defense to Plaintiff's action. "Whether a defense is meritorious is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 167 (2d Cir. 2004)

7

(internal quotation marks and citation omitted). "[A] defendant must present more than conclusory denials when attempting to show the existence of a meritorious defense." *Pecarsky v. Galaxiworld.com Ltd.*, 249 F.3d 167, 173 (2d Cir. 2001). This is not a demanding standard, and Defendants are not required to show a likelihood of success on their defense. But they must "articulate a defense with a degree of specificity which directly relates that defense to the allegations set forth in the plaintiff's pleadings and raises a 'serious question' as to the validity of those allegations." *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339 (S.D.N.Y. 2013) (internal quotation marks and citation omitted).

Defendants argue that they have a meritorious defense to Plaintiff's claims, because "due to the death of Paul Ender, Ender's husband and Silberman's father, . . . the monies needed to satisfy Ender's obligations under the Note became tied up in the probat[e] of Mr. Ender's estate and ultimately are being held in escrow." Def. Mem. at 9. Thus, they argue, "Ender did not intentionally withhold payments to the Plaintiff due and owing under the Note." *Id.* And they claim that "upon the release of funds being held as part of the probate of Mr. Edner's estate, [they] intend to fully satisfy any amounts due and owing." *Id.* But Defendants provide no argument or authority establishing that an inability to pay a mortgage because funds are "tied up" in probate, or an intent to pay the mortgage in the future, qualifies as a complete defense to a mortgage foreclosure action. *See Nassau Tr. Co. v. Montrose Concrete Prod. Corp.*, 56 N.Y.2d 175, 183 (1982) ("[A] mortgagor is bound by the terms of his contract as made and cannot be relieved from his default, if one exists, in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part." (internal quotation marks and citation omitted)); *see generally* 2 *Mortgages and Mortgage Foreclosure in N.Y.*

§ 35:1 (collecting defenses to foreclosure actions under New York law).

In a "supplemental affirmation in support" of their motion to vacate, Defendants raise additional defenses for the first time. Supp. Aff., ECF No. 91. This document was not authorized by the Court's briefing schedule, or any other order of the Court. *See* ECF No. 76. It was filed two weeks after the deadline for Defendants' reply, and thus after the motion was fully briefed. *See* ECF Nos. 81, 91. "Arguments raised for the first time in reply briefs are waived." *Gonzalez v. United States*, No. 17 Civ. 1093, 2019 WL 3408886, at *2 n.2 (S.D.N.Y. July 29, 2019); *Gomez v. Resurgent Capital Servs., LP*, 129 F. Supp. 3d 147, 159 (S.D.N.Y. 2015) (holding that an "argument that was first raised in a reply brief" is "therefore waived"); *Tutor Time Learning Centers, LLC v. GKO Grp., Inc.*, No. 13 Civ. 2980, 2013 WL 5637676, at *1 (S.D.N.Y. Oct. 15, 2013) ("[A]rguments raised for the first time in a reply memorandum are waived and need not be considered."). The concerns that militate against considering arguments raised for the first time in a reply—fairness to opposing parties, judicial economy, and ensuring that the Court is able to make decisions fully informed by adversarial presentation—apply with even greater force when arguments are raised for the first time in a supplemental, unauthorized filing to which the opposing party has had no opportunity to respond. Accordingly, the Court declines to consider the arguments in Defendants' supplemental affirmation. *See Planned Parenthood of New York City, Inc. v. U.S. Dep't of Health & Human Servs.*, 337 F. Supp. 3d 308, 326 n.9 (S.D.N.Y. 2018) ("The fact that defendants failed to raise this argument until the fourth and final brief on these cross-motions for summary judgment is alone dispositive.").

III.     Prejudice

The Court "need not reach the question of whether the plaintiff would suffer prejudice"

because the Court is "persuaded that the default was willful and . . . unpersuaded that the defaulting party has a meritorious defense." *Bricklayers*, 779 F.3d at 187 (internal quotation marks and citation omitted); *see McNulty*, 137 F.3d at 738 ("An absence of prejudice to the nondefaulting party would not in itself entitle the defaulting party to relief from the judgment."). Defendants' willful disregard of this Court's rules and orders and their lack of any properly asserted meritorious defense make it impossible to vacate the entry of default.

Accordingly, Defendants' motion to vacate the Clerk's certificates of default is DENIED. The Clerk of Court is directed to terminate the motion at ECF No. 79.

SO ORDERED.

Dated: January 3, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge