UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

RL 900 PARK LLC, A Florida limited liability Company,

                Plaintiff,

- against –

SIMONE ENDER, INDIVIDUALLY AND AS THE EXECURTIX OF THE ESTATE OF PAUL ANTHONY ENDER; MONIQUE ENDER SILBERMAN; BRIGETTE LAING; DANUTA MARYIAK, AS GUARDIAN FOR EMELYE ENDER; JACK MANN; JOAN MANN; BOARD OF MANAGERS OF THE PARK 900 CONDOMINIUM; NEW YORK CITY DEPARTMENT OF FINANCE; UNKNOWN TENANT IN POSSESSION #1; and UNKNOWN TENANT IN POSSESSION #2,

                Defendants.

-----------------------------------------------------------------------X

Civil Action No. 1:18-CV-12121

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND IN SUPPORT OF DEFENDANT'S CROSS-MOTION TO DISMISS**

**ZELTSER LAW GROUP, PLLC**
Naomi Zeltser, Esq.
naomi@zeltserlaw.com
26 Court Street, Suite 1200
Brooklyn, New York 11242
Phone: 718-831-2529
Fax: 718-840-3529
*Attorneys for proposed Intervener-Defendant Central Park Partners NY LLC*

## PRELIMINARY STATEMENT

Proposed Intervener-Defendant Central Park Partners NY LLC ("Central Park") submits this memorandum in opposition to Plaintiff's Motion for Default Judgment and in support of Defendant's Cross-Motion to Dismiss, and/or in the alternative, to intervene in this action in order raise defenses in the underlying proceeding. In this residential foreclosure action commenced by Plaintiff, RL 900 PARK LLC ("Plaintiff"), seeks to foreclose upon the mortgage encumbering the real property known as 900 Park Avenue, Unit 6A, New York New York 10075 bearing Block: 1491, Lot: 1061 (the "Property").

As more fully illustrated below, this action should be dismissed as a matter of law based upon Plaintiff's failure to properly index and file a lis pendens against the Property in order to adequately provide notice of this action. Alternatively, Central Park seeks to intervene in this action in order to preserve its rights in the foreclosure and defend itself in accordance with applicable laws.

## FACTUAL AND PROCEDURAL BACKGROUND

This action was commenced by the filing of a Summons and Complaint with the Southern District of New York on December 21, 2018. By Order of the Court, on December 31, 2019, Plaintiff filed an Amended Complaint. A copy of the Amended Complaint is annexed hereto as **Exhibit "A"**. On December 21, 2018, at the time the initial complaint was filed, Plaintiff filed a Notice of Pendency with the Southern District of New York (which was never indexed with New York County Clerk's Office), a copy of the Notice of Pendency filed with this Court is annexed hereto as **Exhibit "B"**[1].

---

[1] The notice of pendency filed with this Court does not contain a filing stamp as proof that the document was filed with New York County Clerk's Office

On March 3, 2020, Defendant Simone Ender conveyed title and interest to the Property to Central Park by Bargain and Sale Deed, which was recorded on April 3, 2020 in CRFN: 2020000116374.  A copy of the Deed into Central Park is annexed hereto as **Exhibit "C"**.

Prior to purchasing the Property, Central Park ordered and received a title report. A copy of the title report is annexed hereto as **Exhibit "D"**.  Upon review of the title report, the foreclosure action was never revealed since there was never a properly indexed notice of pendency filed against the Property.  As a result, the foreclosure action was not part of the title report.  As presented by the record in this matter, Central Park never took title to the Property subject to the notice of pendency which would have put Central Park on notice of this pending foreclosure action. A more detailed title report is annexed hereto as **Exhibit "E"** providing a current list of deeds, liens and encumbrances against the Property, which also does not include this foreclosure proceeding.  Accordingly, dismissal of this action is warranted.

## LEGAL ARGUMENT

**I.  CENTRAL PARK IS NOT BOUND BY ANY OF THE PROCEEDINGS TAKEN IN THIS ACTION DUE TO PLAINTIFF'S FAILURE TO PROPERLY INDEX THE NOTICE OF PENDENCY AGAINST THE PROPERTY**

An error in indexing a notice of pendency prevents a record of that instrument from constituting constructive notice from the time that the notice of pendency is filed through the period that the indexing error remains uncorrected. While a subsequent conveyance or encumbrance that is recorded after the filing of the notice of pendency is bound by all proceedings taken in an action, the notice of pendency must be indexed in a block index in order for the notice of pendency to afford constructive notice of the instrument (see CPLR 6501; *V & D Realty USA Corp. v. Mitso Group*, 240 A.D.2d 562 (2d Dept. 1997); *Baccari v. De Santi*, 70 A.D.2d 198, 202

(2d Dept. 1979); Real Property Law § 316; County Law § 919(1)[j]; *Del Pozo v. Impressive Homes, Inc.*, 95 A.D.3d 1263, 1265 (2d Dept. 2012)

It is well-settled that in the absence of a legally effective notice of pendency at the time that a purchaser acquires property ownership, "the owner's ability to transfer clear title to the disputed property remains unimpaired" notwithstanding the purchaser's actual knowledge of the pending lawsuit; and (c) in the absence of a legally effective notice of pendency at the time that a purchaser acquires property ownership, the purchaser constitutes a "good faith purchaser for value" of the property notwithstanding the purchaser's actual knowledge of the pending lawsuit.

In *Matter of Sakow*, 97 N.Y.2d 436, 441-42 (2002), the Court of Appeals stated that (a) the notice of pendency statute is "designed with a view toward balancing the interests of the claimant in the preservation of the status quo against the equally legitimate interests of the property owner in the marketability of his title" [cit. om. and int, quot. om.]; (b) "To counterbalance the ease with which a party may hinder another's right to transfer property, this court has required strict compliance with the statutory procedural requirements of CPLR article 65" [cit. om. and int, quot. om.]; and (c) "For practical purposes, there is no distinction between the effect of an expired or cancelled notice of pendency – both are void."

As demonstrated herein, prior to Central Park's acquisition of property ownership during in March of 2020, a legally enforceable notice of pendency was never filed against the Property.

## II. THE FILING OF A NOTICE OF PENDENCY IS AN ELEMENT TO A FORECLOSURE ACTION

RPAPL 1331 provides:

The plaintiff, at least twenty days before a final judgment directing a sale is rendered, shall file in the clerk's office of each county where the mortgaged property is situated a notice of the pendency of the action, which shall specify, in addition to other

particulars required by law, the date of the mortgage, the parties thereto and the time and place of recording.

While the filing of a notice of pendency under this Section is an element of a cause of action for foreclosure, rather than being an issue of subject matter jurisdiction, is "an element of plaintiff's cause of action." *Maspeth Fed. Sav. and Loan Ass'n v. Sloup,* (123 A.D.3d 672, 998 N.Y.S.2d 409 [2nd Dep't 2014]); N.Y. Real Prop. Acts. Law § 1331 (McKinney)

The requirement that, in a foreclosure action brought pursuant to RPAPL article 13, a notice of pendency be filed at least 20 days before entry of final judgment (*see,* RPAPL 1331) is, in effect an element of the plaintiff's cause of action (*see, Robbins v. Goldstein,* 36 A.D.2d 730, 320 N.Y.S.2d 553; *see also, Isaias v. Fischoff,* 37 A.D.2d 934, 326 N.Y.S.2d 291).

Failure to comply with the filing requirement precludes entry of final judgment. However, while vacatur of a notice precludes future refiling for the purposes of CPLR article 65, successive notices may be filed for purposes of prosecuting to final judgment a foreclosure action. *Slutsky v. Blooming Grove Inn, Inc.*, 147 A.D.2d 208, 212–13 (2d Dept. 1989)

The purpose of a notice of pendency is to provide constructive notice to a purchaser from any defendant named in the notice and bind a purchaser by all proceedings taken in the action after such filing. *See N.Y. C.P.L.R. § 6501*

The notice of pendency is an extraordinary privilege which permits a party to hinder the transfer of another's property without judicial intervention.  The New York Court of Appeals has required strict compliance with the statutory procedural requirements of the notice of pendency. *OneWest Bank, N.A. v. Conklin*, No. 8:14-CV-01249 MAD, 2015 WL 3646231, at *4 (N.D.N.Y. June 10, 2015)  (where the Court found that Plaintiff's notice of pendency was

ineffective because it failed to accurately provide notice of the pending action. The failure to file a complaint with the notice, as required, renders Plaintiff's notice defective and void.)

In this matter, Plaintiff failed to file a notice of pendency with the New York County Clerk's Office, which renders Plaintiff's notice of its foreclosure action void and ineffective.

Further, since Plaintiff is moving for towards judgment, it would be in violation of RPAPL 1331 as there is no proper and effective notice of pendency filed against the Property, for these reasons, Plaintiff's motion must be denied.

This action should be dismissed since Plaintiff has failed to establish that a requisite element to maintaining a foreclosure action has been met as presented by the documentary evidence in this case. Specifically, since Plaintiff failed to maintain a properly filed a notice of pendency against the Property when the action was commenced two years years ago, and subsequent thereto, never moved to seek relief from this Court to cure such a grave defect.

In light of the foregoing, Plaintiff's motion should be denied and this action should be dismissed as Plaintiff has failed to establish a requisite element to this foreclosure action.

### III. CENTRAL PARK SHOULD BE PERMITTED TO INTERVENE AS OF RIGHT

CPLR § 1012(a)(2) and (3) provide that "[u]pon timely motion, any notice person shall be permitted to intervene in any action (2) when the representation of the person's interest by the parties is or may be inadequate and the person is or may be bound by the judgment; or (3) when the action involves the disposition or distribution of, or the title or a claim for damages for injury to, property and the persons may be adversely affected by the judgment."

CPLR § 1012(a)(3) is "intended to be liberally construed." *Vantage Petroleum v. Board of Assessment Review of Town of Babylon*, 91 A.D.2d 1037, 1040 (2d Dept. 1983); *Yuppie*

*Puppy Pet Products, Inc. v. Street Smart Realty, LLC*, 77 A.D.3d 197, 201 (1st Dept. 2010) ("Intervention is liberally allowed by courts, permitting persons to intervene in actions where they have a bona fide interest in an issue involved in that action.")

In view of the foregoing, Central Park should be permitted to intervene as of right pursuant to CPLR §1012(a)(2) and (3) as it has an interest in this action and is adversely affected by any judgment. Alternatively, it should be permitted to intervene under CPLR §1013 as Central Park has a real and substantial interest in the outcome of this proceeding, and as no prejudice would be incurred.

Additionally, Central Park has potentially meritorious defenses to this action. A copy of the Proposed Answer is annexed hereto as **Exhibit "F"**.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Honorable Court grant Defendant's cross-motion in its entirety and deny Plaintiff's motion, and grant such other and further relief as the Court deem necessary and proper.

Dated: Brooklyn, New York
       June 24, 2020

Respectfully Submitted,

/s Naomi Zeltser, Esq.
_____
**ZELTSER LAW GROUP, PLLC**
 *Attorneys for proposed Intervener-Defendant Central Park Partners NY LLC*
26 Court Street, Suite 1200
Brooklyn, New York 11242
Phone: 718-831-2529
Fax: 718-840-352