UNITED STATES DISTRICT COURT OF THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X : Civil Action No. 1:18-CV-12121
RL 900 PARK LLC, A Florida limited liability Company,

Plaintiff,

- against –

SIMONE ENDER, INDIVIDUALLY AND AS THE
EXECURTIX OF THE ESTATE OF PAUL ANTHONY
ENDER; MONIQUE ENDER SILBERMAN; BRIGETTE
LAING; DANUTA MARYIAK, AS GUARDIAN FOR
EMELYE ENDER; JACK MANN; JOAN MANN;
BOARD OF MANAGERS OF THE PARK 900
CONDOMINIUM; NEW YORK CITY DEPARTMENT
OF FINANCE; UNKNOWN TENANT IN POSSESSION
#1; and UNKNOWN TENANT IN POSSESSION #2,

Defendants.
-------------------------------------------------------------------X

## DECLARATION OF ARTHUR SPITZER

ARTHUR SPITZER, hereby certifies that the following is true and correct:

1. I am the sole member of Central Park Partners NY LLC, and as such, am fully familiar with the facts and circumstances of this case to the extent asserted herein.

2. I submit this declaration in support of Defendant's cross-motion for summary judgment and in opposition to Plaintiff's motion for summary judgment.

3. I have reviewed the Plaintiff's amended complaint and dispute Plaintiff *prima facie* case on standing to sue for foreclosure. A copy of the Plaintiff's Amended Complaint annexed hereto as Exhibit "A".

4. Neither the exhibits attached to the complaint nor the summary judgment motion subject by Plaintiff contain a signed allonge from the original lender that assigns and transfers ownership of the note to anyone (much less the plaintiff).

5. The amended complaint does not allege that Plaintiff had possession of the note as of the date of commencement of the foreclosure action. The Morjain affidavit on the summary judgment submission only contains a conclusory assertion about the alleged possession of the note - - but without any details about how, and precisely when, possession of the note was allegedly delivered to Plaintiff - - and without any documentary evidence substantiating any details about how, and precisely when, possession of the note was allegedly delivered to Plaintiff.

6. As I am successor in interest to the mortgagor and stand in the position of the rights and duties of the mortgagor, I have standing to challenge plaintiff's standing to sue for foreclosure.

7. Additionally, as more fully illustrated in my attorney's Memorandum of Law, this action should be dismissed as a matter of law based upon Plaintiff's failure to properly file a lis pendens against the Property in order to adequately provide notice of this action.

8. Central Park is the current owner of the property located at 900 Park Avenue, Unit 6A, New York New York 10075 bearing Block: 1491; Lot: 1061, (the "Property").

9. Central Park obtained interest in the Property by Deed dated March 3, 2020 and recorded with the City Register of New York on April 3, 2020 in CRFN: 2020000116374. A copy of the Deed is annexed as Exhibit "C"

10. At the time that I, through my entity, took over the Property there was no Lis Pendens filed against the Property to foreclose on a mortgage subject to this action.

11. The Lis Pendens did not come up on the title report I ordered prior to purchasing the Property. A copy of the title report is attached as Exhibit "C" as documentary evidence that this foreclosure action was not on public record at the time that the Property was purchased.

12. Plaintiff is requesting nearly $2,000,000.00 on this loan, the legal fees requested alone is $140,000.00. When I reviewed the title report, I saw that there was an open mortgage of $1,500,000.00. I took title to the Property subject to the open mortgage but not subject to a pending foreclosure action, especially an action that is in Federal Court since 2018. I was not prepared to have to hire legal counsel and incur legal fees on a foreclosure action in which I was not a party to and having to step into the "shoes" of a defaulting defendant.

13. I respectfully request that this action is dismissed as I am gravely prejudiced by it and the amount of arrears (default interest, legal fees, and misc. fees) that is being claimed additionally by Plaintiff in its proposed judgment.

14. For this reason, this action should be dismissed as my rights as a third-party purchaser has been prejudiced by this foreclosure action.

15. In light of this clear discrepancy, and those more particular described in the accompanying memorandum of law, this action should be dismissed as a matter of law.

WHEREFORE, it is respectfully requested that this Court dismiss this action, and grant such other and further relief as this Court deems just and proper.

Dated: Brooklyn New York
November 30, 2020

_____
ARTHUR SPITZER, as sole member of
Central Park Partners NY LLC